UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO GAITHER,

                  Plaintiff,             Civil Action No. 19-13398

v.                                  Bernard A. Friedman
                                  United States District Judge

THOMPSON, *et al.*,             David R. Grand
                                  United States Magistrate Judge

                  Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 56)

## I.    PROCEDURAL HISTORY

This is a prisoner civil rights case commenced by *pro se* plaintiff Antonio Gaither ("Gaither") against several Michigan Department of Corrections ("MDOC") employees ("Defendants"), alleging that, after he filed a prisoner grievance against one of the Defendants, he was subjected to several acts of retaliation. (ECF No. 1). The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 13).

On November 4, 2022, Defendants filed a motion for summary judgment and brief in support. (ECF No. 56). Pursuant to E.D. Mich. LR 7.1, Gaither's response to this motion was due on or before November 25, 2022. However, when Gaither had not filed a response to Defendants' motion for more than a month beyond the deadline, on January 13, 2023,

the Court issued an Order directing Gaither to show cause, in writing, on or before **January 27, 2023**, why this Court should not recommend that Defendants' motion be granted and/or that Gaither's claims be dismissed.  (ECF No. 57).  Alternatively, Gaither was permitted to file a response to Defendants' motion by **January 27, 2023**.  Gaither was specifically warned that, "Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, may result in a recommendation that Defendants' motion be granted and/or that Gaither's claims be dismissed under Fed. R. Civ. P. 41(b)."  (*Id.*, PageID.444).

Despite it now being more than three weeks beyond this deadline, a review of the docket indicates that Gaither has neither responded in writing to the Court's Order to Show Cause, nor filed a response to Defendants' motion.[1]

## II.   ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss

---

[1] The Court's Order to Show Cause (which was served by mail on Gaither) has not been returned to the Court as undeliverable.

a claim for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.  In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  All of the factors favor dismissal here.  The Court warned Gaither that his case would be dismissed with prejudice if he failed to file a

3

response to Defendants' motion for summary judgment or a response to the Court's Order to Show Cause. (ECF No. 57). Yet Gaither failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal. As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Gaither's apparent abandonment of his claims. To that end, the Court notes that Defendants expended time and resources preparing and filing their motion for summary judgment. Finally, given Gaither's failure to file responses as ordered, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Gaither has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

necessary for the prosecution of his claims.   Under these circumstances, dismissal is appropriate.  *See* Fed. R. Civ. P. 41(b).

## III.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Gaither's complaint **(ECF No. 1)** and his claims against Defendants be **DISMISSED WITH PREJUDICE,** and that Defendants' Motion for Summary Judgment **(ECF No. 56)** be **DENIED AS MOOT**.


Dated: February 21, 2023                  s/David R. Grand
Ann Arbor, Michigan                       DAVID R. GRAND
                                          United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C.

§636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
